Filed
D.C. Superior Court
02/08/2016 22:39PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SHARON TOLSON )
411 Warfield Drive #1010 )
Landover, MD 20785 )
)
    Plaintiff, )
)
      v. )
)
THE HARTFORD FINANCIAL SERVICES ) Civ. No.  2016 CA 000958 B
GROUP, INC. )
One Hartford Plaza )
Hartford, CT 06155 )
)
  Serve:  The Corporation Trust Company )
        Corporation Trust Center )
        1209 Orange Street )
        Wilmington, DE 19801 )
)
SENTINEL INSURANCE COMPANY LTD. )
One Hartford Plaza )
Hartford, CT 06155 )
)
  Serve:  C T Corportation System )
       One Corporate Center )
       Hartford, CT 06103 )
)
    Defendants. )
)

## COMPLAINT AND JURY DEMAND

    Plaintiff Sharon Tolson, by her attorney, alleges for her Complaint herein:

### PRELIMINARY STATEMENT

    1.     This is a bad faith lawsuit against Defendant Hartford Financial Services Group, Inc. ("Hartford") for failing to defend, indemnify, and settle within the limits of liability for its insured, Massage Escape Spa.

Klaproth Law PLLC
406 5ᵗʰ Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

2.    Plaintiff Sharon Tolson was sexually assaulted by a massage therapist employed by Massage Escape Spa. The massage therapist who sexually assaulted Ms. Tolson, Zhenkui Tong, was not licensed to provide massage therapy services. Accordingly, Ms. Tolson sued Massage Escape Spa for negligence, assault and battery, negligence per se for its violation of public safety regulations governing massage therapy facilities, and unlawful trade practices under the D.C. Consumer Protection Procedures Act ("CPPA"). In breach of its contract with Massage Escape Spa and its duty to act in good faith, Hartford failed to defend and indemnify Massage Escape Spa. The court entered judgment in favor of Ms. Tolson against Massage Escape Spa for $1,000,000.00. Massage Escape Spa assigned all of its claims against Defendant Hartford arising from Hartford's bad faith and breach of the Policy to the Plaintiff Sharon Tolson.

### JURISDICTION AND VENUE

3.    This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6).

4.    This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1)-(2),(6).

5.    The acts alleged in this Complaint occurred in the District of Columbia and therefore venue is proper in this district.

### PARTIES AND RELEVANT PERSONS

6.    Plaintiff Sharon Tolson is an individual who resides in the State of Maryland. Ms. Tolson has been assigned all of Massage Escape Spa's claims against its insurance company, Hartford. Ms. Tolson is a consumer as defined by DC Code § 28-3901.

7.    Defendant The Hartford Financial Services Group, Inc. ("Hartford") is a

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 2 -

corporation formed and organized under the laws of the state of Delaware.  Defendant Hartford contracted to insure Massage Escape Spa in the District of Columbia for its business operations in the District of Columbia.   Hartford is a merchant as defined by DC Code § 28-3901. Moreover, because Hartford was providing insurance coverage to Massage Escape Spa relating to customers injured on the business premises.  As such, Hartford is connected with the supply side of a consumer transaction.

8.    Sentinel Insurance Company, Ltd is a Connecticut corporation, which conducts substantial business activities in the District of Columbia.  At all times relevant, Defendant Sentinel acted as the actual and/or apparent agent of Hartford.  Upon information and belief, at all times relevant, Sentinel Insurance Company, Ltd. participated in a joint venture with Hartford for purposes of providing insurance services to Massage Escape Spa.

9.    Massage Escape Spa is a business located in the District of Columbia, believed to be a sole proprietorship and/or general partnership.

**FACTS COMMON TO ALL COUNTS**

**Lawsuit Against Massage Escape Spa**

10.    Plaintiff received a "Groupon" promotion as a gift on July 24, 2014 for massage services at Massage Escape Spa located in the District of Columbia.   The "Groupon" received by Plaintiff was for a "60-Minute Swedish, Deep Tissue, or Acupressure Massage" at Massage Escape Spa.

11.    Plaintiff redeemed the "Groupon" for the 60-minute massage at Massage Escape Spa on October 4, 2014 at approximately 5:30 PM.

12.    When Plaintiff arrived at Massage Escape Spa on October 4, 2014, there were three males present at the front desk.  Plaintiff was introduced to "Tommy" who would be

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

providing the massage. Unbeknownst to Plaintiff, "Tommy's" actual name was Zhenkai Tong ~~and he was not actually licensed as a massage therapist in the District of Columbia.~~

13.    At all times relevant, Zhenkai Tong was an employee of Massage Escape Spa and acting within the scope of his employment.

14.    Zhenkai Tong led Plaintiff into a small room, closing the door behind the Plaintiff. Zhenkai Tong instructed Plaintiff to remove her clothes, to lie face down on the massage table, and to place a draping over her body. The purpose of the draping was to protect the Plaintiff's physical and emotional privacy. Once the draping was in place, Zhenkai Tong proceeded to massage the Plaintiff.

15.    During the massage, while Plaintiff was lying face down on the massage table, Zhenkai Tong battered Plaintiff by rubbing his erect penis against Plaintiff's head. Plaintiff did not consent to this offensive and unwelcomed touching. Shortly thereafter, Zhenkai Tong began massaging Plaintiff's legs. Plaintiff remained face down on the massage table with Zhenkai Tong standing over Plaintiff. Without Plaintiff's consent and while Plaintiff was still lying face down on the massage table, Zhenkai Tong battered Plaintiff by inserting his fingers into Plaintiff's vagina and anus. Zhenkai Tong continued the assault by performing oral sex on Plaintiff. Plaintiff attempted to push Zhenkai Tong off of her, while insisting that she needed to leave. Zhenkai Tong continued the assault by forcefully holding the Plaintiff down. Plaintiff managed to escape Zhenkai Tong's attack, quickly dressed, and fled Massage Escape Spa.

16.    Immediately after leaving Massage Escape Spa, Plaintiff waived down a passing police officer. The Metropolitan Police Department arrested Zhenkai Tong shortly thereafter. On October 6, 2014, Zhenkai Tong was charged with the felony of First Degree Sexual Abuse of a Patient/Client. Notwithstanding his arrest for sexually assaulting Plaintiff, Zhenkai Tong, upon

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 4 -

information and belief, remained an employee of Massage Escape Spa thereby endangering other customers. Upon information and belief, Zhenkain Tong remained an employee of Massage Escape Spa until he was able to flee the country to China on or about October 9, 2014.

17.   Unbeknownst to Plaintiff at the time of the assault, Massage Escape had previously received complaints of assaults during massages by its customers. Specifically, one customer review on Yelp.com from January 21, 2014, stated:

> Ladies, beware!
> I'm a woman and have never had a preference for the gender of my masseur – unfortunately after this experience I'll be going with women only in the future. During the massage my male masseur pressed himself against me – I could feel his penis through his pants. I was uncertain the first time, but it happened again on the other side.

Massage Escape Spa was aware of this customer complaint, because less than one month later the owner of Massage Spa left a response to a customer complaint on the Yelp.com.

18.   Despite having actual knowledge of prior assaults perpetrated on its customers, Massage Escape Spa negligently failed to take any steps to protect its customers, such as Ms. Tolson, from being assaulted by its massage therapists.

19.   On October 27, 2014, Plaintiff filed a lawsuit in the Superior Court for the District of Columbia asserting claims against Massage Escape Spa for negligence, assault and battery, negligence per se, and unlawful trade practices under the CPPA on the basis that Massage Escape Spa employed an unlicensed massage therapist. *See* Tolson v. Massage Escape Spa, *et al.*, 2014 CA 006775 B (D.C. Superior Court).

20.   As a direct and proximate result of Massage Escape Spa's negligence and unlawful trade practices, Plaintiff suffered extreme physical and emotional injury.

21.   On August 11, 2015, judgment was entered against Massage Escape Spa for one

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

million dollars ($1,000,000.00).   A copy of the judgment is annexed hereto as Exhibit 1.

## Hartford's Bad Faith Denial of Coverage

22.     At all times relevant Massage Escape Spa had a business owner's insurance policy with Defendant Hartford—Policy No. 01 SBM AU5088. ("Policy").   Specifically, the Policy was in full force and effect on October 4, 2014—the time Ms. Tolson was injured by Massage Escape Spa's conduct.

23.     Pursuant to the terms of the Policy, Hartford agreed to "pay those sums that [Massage Escape Spa] becomes legally obligated to pay as damages because of 'bodily injury.'" The Policy provided coverage for "bodily injury" in the amount of $500,000.00 per occurrence.

24.     Pursuant to the terms of the Policy, Hartford agreed to "pay those sums that [Massage Escape Spa] becomes legally obligated to pay as damages because of ... 'personal and advertising injury.'"   The Policy provided coverage for "personal and advertising injury" in the amount of $1,00,000.00 per occurrence.

25.     Pursuant to the terms of the Policy, Hartford had the "right and duty to defend [Massage Escape Spa] against any 'suit' seeking those damages" mentioned in paragraphs 23 and 24.

26.     Massage Escape Spa filed a claim with Hartford in relation to the lawsuit filed by the Plaintiff against Massage Escape Spa.

27.     On November 20, 2014, Defendant Hartford wrongfully denied coverage and failed to defend Massage Escape Spa in the lawsuit brought by the Plaintiff.   A copy of Hartford's denial of coverage letter is annexed hereto as Exhibit 2.   Hartford breached its contract by failing to indemnify Massage Escape Spa for the damages it was legally obligated to pay to Ms. Tolson.   Hartford also breached its contract by failing to settle Ms. Tolson's claims

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

against Massage Escape within the limits of liability coverage under the Policy.

28.   On July 17, 2015, Massage Escape Spa "assigned" and "transferred" to Sharon Tolson "all rights, claims and causes of action, including but not limited to those for failure to defend, indemnification, breach of contract, bad faith, wrongful failure to settle within the limits of liability and the award of attorneys and costs, which Massage Escape Spa Company has or may have against The Hartford Financial Services Group, Inc."  A copy of the Assignment is annexed hereto as Exhibit 3.

## COUNT I
### Breach of Contract
### (All Defendants)

29.   The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

30.   An insurance contract existed between Hartford and Massage Escape Spa.

31.   Pursuant to the terms of the Policy, Hartford had the "right and duty to defend [Massage Escape Spa] against any 'suit' seeking those damages" of "bodily injury" and "personal and advertising injury."  Hartford breached the terms of the Policy, by failing to defend Massage Escape Spa brought by Ms. Tolson which sought damages for bodily injury and personal and advertising injury.

32.   Pursuant to the terms of the Policy, Hartford was required to "pay those sums that [Massage Escape Spa] becomes legally obligated to pay as damages because of 'bodily injury.'"  The Policy provided coverage for "bodily injury" in the amount of $500,000.00 per occurrence. Hartford breached the contract by failing to indemnify Massage Escape Spa for the $1,000,000.00 Judgement entered against Massage Escape Spa.

Kisproth Law PLLC
408 5ᵗʰ Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.kisprothlaw.com

- 7 -

33. Pursuant to the terms of the Policy, Hartford agreed to "pay those sums that [Massage Escape Spa] becomes legally obligated to pay as damages because of ... 'personal and advertising injury.'" The Policy provided coverage for "personal and advertising injury" in the amount of $1,000,000.00 per occurrence. Hartford breached the contract by failing to indemnify Massage Escape Spa for the $1,000,000.00 Judgement entered against Massage Escape Spa.

34. Defendant Hartford breached its contract with Massage Escape Spa by wrongfully disclaiming coverage when coverage was due under the contract. In addition, Defendant Hartford breached its duty to: (1) investigate the facts and applicable law; (2) evaluation the claim; (3) negotiate with the Plaintiff Sharon Tolson; and (4) to competently defend the claims brought by Ms. Tolson.

35. Defendant Hartford's refusal to provide coverage under the Policy, or to even evaluate the negligence, negligence per se, and CPPA claims brought by Ms. Tolson against Massage Escape Spa is oppressive and vexatious conduct that warrants attorney's fees.

36. Massage Escape Spa assigned its breach of contract claim against Defendant Hartford to Ms. Tolson.

37. WHEREFORE, Plaintiff prays for relief in the form of a judgment awarding compensatory damages, punitive damages, attorney's fees and costs, together with interest on Plaintiff's claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (All Defendants)

38. The Plaintiff realleges and incorporates by reference the allegations contained in

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

the preceding paragraphs of this Complaint as if fully set forth herein.

39.     Implied in the Policy is an obligation that Defendant Hartford act in good faith

and fair dealing to provide the insurance services contained in the Policy to Massage Escape

Spa.  This implied duty to act in good faith required Defendant Hartford to: (1) investigate the

facts and applicable law; (2) evaluation the claim; (3) negotiate with the Plaintiff Sharon Tolson;

and (4) to competently defend the claims brought by Ms. Tolson.

40.     Defendant Hartford acknowledged that Ms. Tolson's claims were based on

negligence, negligence per, and CPPA violations:

therapist employed by Massage Escape Spa. Tolson alleges the massage therapist who sexually
assaulted her, Zherikai Tong, was not licensed to provide massage therapy services. Tolson

alleges that in addition to being liable for the sexual assault committed by its employee,
Massage Escape Spa was negligent for hiring an unlicensed massage therapist, failing to take
correction action after receiving prior complaints of sexual assaults by its massage therapists,
and for violating the public safety regulations governing massage therapy facilities. Tolson
alleges Massage Escape Spa also committed several unlawful trade practices under the D.C.
Consumer Protection Procedures Act ("CPPA").

Yet, Defendant Hartford did not evaluate or investigate Ms. Tolson's negligence, negligence per

se, and unlawful trade practices to determine if the Policy provided coverage for those claims.

Instead, without any investigation or evaluation of those claims, Defendant Hartford refused to

defend those claims and to indemnify those claims.

41.     Defendant Hartford breached its implied duty of good faith and fair dealing by:

(a) Disclaiming coverage under the policy for Ms. Tolson's negligence,
    negligence per se, and CPPA claims against Massage Escape Spa;

(b) failing to investigate the facts of the negligence, negligence per se, and CPPA
    claims against Massage Escape Spa;

(c) failing to investigate the applicable law of the negligence, negligence per se,
    and CPPA claims;

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

(d) failing to fairly evaluate Ms. Tolson's negligence, negligence per se, and CPPA claims against Massage Escape Spa;

(e) failing to evalutate Ms. Tolson's negligence, negligence per se, and CPPA claims against Massage Escape Spa completely, honestly, and objectively in light of all of the available information.

(f) failing to defend against Ms. Tolson's negligence, negligence per se, and CPPA claims brought against Massage Escape Spa;

(g) failing to settle within the limits of liability coverage Ms. Tolson's negligence, negligence per se, and CPPA claims against Massage Escape Spa;

(h) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Ms. Tolson's claims.

(i) failing to negotiate the negligence, negligence per se, and CPPA claims brought by Ms. Tolson against Massage Escape Spa;

(j) failing to assign experienced staff to assess Plaintiff's claim;

(k) failing give Plaintiff's interests the same consideration as its own;

(l) demonstrating a greater concern for its monetary interests rather than the financial interests of the insured; and,

(m) failing to seek a declaratory judgment action to determine the applicability of the Policy to the claims brought by Ms. Tolson against Massage Escape Spa.

42.    Massage Escape Spa assigned its breach of implied duty of good faith and fair dealing claims against Defendant Hartford to Ms. Tolson.

43.    WHEREFORE, Plaintiff prays for relief in the form of a judgment awarding compensatory damages, punitive damages, attorney's fees and costs, together with interest on Plaintiff's claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper.

## Count III
## Breach of Fiduciary Duty
## (All Defendants)

44.    Plaintiff realleges and incorporates by reference the allegations contained in the

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

preceding paragraphs of this Complaint as if fully set forth herein.

45.     An insurer-insured relationship existed between Massage Escape Spa and Hartford.  Pursuant to that relationship, Hartford owed Massage Escape Spa fiduciary duties, including the duties of care, loyalty, disclosure, competence, and communication.

46.     Defendant Hartford breached the fiduciaries duties owned to its insured by refusing to defend and indemnify against the claims brought by Ms. Tolson.  In addition, Hartford breached its fiduciary duty by failing to defend against Ms. Tolson's claims of negligence, negligence per se, and unlawful trade practices under the CPPA.

47.     Defendant Hartford breached its duties of care, loyalty, and competence by failing to investigate and evaluate the negligence, negligence per se, and CPPA claims brought by Ms. Tolson against Massage Escape Spa.

48.     Defendant Hartford breached its duties of care, loyalty, and competence as set forth in ¶ 41(a)-(m) which is hereby  incorporated by reference as if set forth fully herein.

49.     Massage Escape Spa assigned all of its claims to Ms. Tolson in relation Defendant Hartford's breach of its fiduciary duties owed to Massage Escape Spa under the Policy.

50.     WHEREFORE, Plaintiff prays for relief in the form of a judgment awarding compensatory damages, punitive damages, attorney's fees and costs, together with interest on Plaintiff's claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper.

### Count IV
### Negligent Failure to Investigate and Evaluate the Claims
### (All Defendants)

51.     The Plaintiff realleges and incorporates by reference the allegations contained in

Klaproth Law PLLC
406 5ᵗʰ Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

the preceding paragraphs of this Complaint as if fully set forth herein.

52.     Defendant Hartford had a duty to investigate and fairly evaluate the claims brought by Ms. Tolson against Massage Escape Spa.  As the insurer for a health spa, a highly regulated industry in the District of Columbia that is required by law to have financial security (such as a bond or insurance) in the event a customer is injured, Defendant Hartford had a duty to objectively evaluate claims brought by Massage Escape Spa customers for injuries caused by Massage Escape Spa.

53.     Defendant Hartford breached its duty to Ms. Tolson by failing to evaluate and investigate Ms. Tolson's negligence, negligence per se, and CPPA claims.   In addition, Defendant Hartford breached its duty to Ms. Tolson for all of her claims arising from Massage Escape Spa's violation of the public safety regulations governing massage therapy facilities, which included hiring an unlicensed massage therapist.

54.     As a direct and proximate result of Hartford's negligent failure to evaluate and investigate Ms. Tolson's claims against Massage Escape Spa, Plaintiff suffered substantial damages.

55.     WHEREFORE, Plaintiff prays for relief in the form of a judgment awarding compensatory damages, punitive damages, attorney's fees and costs, together with interest on Plaintiff's claims, plus pre and post judgment interest, expenses, and any other relief the Court deems proper.

### COUNT V
### Unlawful Trade Practices under the D.C. Consumer Protection Procedures Act
### (All Defendants)

56.     The Plaintiff realleges and incorporates by reference the allegations contained in

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

the preceding paragraphs of this Complaint as if fully set forth herein.

57.     Defendant Hartford committed an unlawful trade practice in violation of D.C. Code § 28-3904(a) by representing that the Policy had the characteristic and/or or benefit of "pay[ing] those sums that [Massage Escape Spa] becomes legally obligated to pay as damages because of 'bodily injury'...or 'personal and advertising injury,'" when Defendant Hartford later claimed that it did not by refusing to defend the claims.

58.     Defendant Hartford committed an unlawful trade practice in violation of D.C. Code § 28-3904(d) by representing that the Policy was of a particular standard, quality, grade, style, or model, which included "pay[ing] those sums that [Massage Escape Spa] becomes legally obligated to pay as damages because of 'bodily injury'...or 'personal and advertising injury,'" when the Policy did not in practice.

59.     Defendant Hartford committed an unlawful trade practice in violation of D.C. Code § 28-3904(e) when it misrepresented the material fact the Policy would cover "pay[ing] those sums that [Massage Escape Spa] becomes legally obligated to pay as damages because of 'bodily injury'...or 'personal and advertising injury.'"

60.     Defendant Hartford committed an unlawful trade practice in violation of D.C. Code § 28-3904(e) when it misrepresented the material fact that it "address[ed] coverage [under the policy] as it applies to the allegations that have been made," when it did not evaluate the negligence, negligence per se, and CPPA claims brought by Ms. Tolson, or the allegations supporting those claims.

61.     Defendant Hartford committed an unlawful trade practice in violation of D.C. Code § 28-3904(f) by failing to disclose the material fact that it did not evaluate Ms. Tolson's negligence, negligence per se, or CPPA claims prior to disclaiming coverage under the Policy.

Klaproth Law PLLC
406 5ᵗʰ Street NW
Suite 360
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

62.     Defendant Hartford committed an unlawful trade practice in violation of D.C. Code § 28-3904(f) by failing to disclose the material fact that it did not investigate Ms. Tolson's negligence, negligence per se, or CPPA claims prior to disclaiming coverage under the Policy.

63.     Under the D.C. Consumer Protection Procedures Act it is an unlawful trade practice to violate other statutes and regulations.  Defendant Hartford  committed four (4) unlawful trade practices by violating the following provisions of the District of Columbia's Unfair Insurance Trade Practices:

(a) Defendant Hartford  knowingly misrepresent pertinent facts or insurance policy provisions relating to the claim at issue by failing to fairly evaluation, investigate, or defend the negligence, negligence per se, and CPPA claims brought by Ms. Tolson in violation of D.C. Code § 31-2231.17(a)(1);

(b) Defendant Hartford  refused to pay a claim for a reason that is arbitrary or capricious in violation of D.C. Code § 31-2231.17(a)(2);

(c) Defendant Hartford failed to settle Ms. Tolson claim's promptly when liability was reasonably clear under one portion of a policy in violation of D.C. Code § 31-2231.17(a)(5); and,

(d) Defendant Hartford failed to promptly provide a reasonable explanation as to basis of its denial of the claims in relation to Ms. Tolson negligence, negligence per se, and CPPA claims in violation D.C. Code § 31-2231.17(a)(6).

64.     Defendant Hartford's continuing failure to admit to its mistakes, and its unwillingness to rectify the situation, is sufficient to warrant an award of punitive damages under the CPPA.

65.     WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendants awarding (1) compensatory damages; (2) treble damages; (3) costs and attorney's fees; (4) punitive damages and (5) any other relief the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief in the form of a judgment awarding

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

compensatory damages, punitive damages, attorney's fees and costs, together with interest on

Plaintiff's claims, plus pre and post judgment interest, expenses, and any other relief the Court

deems proper against Defendants, joint and severally, including without limitation:

(a)   Awarding Plaintiff compensatory damages;

(b)   Trebling Plaintiff's damages pursuant to the D.C. Consumer Protection
Procedures Act;

(c)   Awarding Plaintiff costs and attorney's fees pursuant to the D.C.
Consumer Protection Procedures Act, and her breach of contract and bad
faith claims;

(d)   Awarding Plaintiff punitive damages for Defendants' fraud, outrageous,
wanton, malicious and reckless conduct with no regard for the damage it
would cause to Plaintiff.

## JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

Brendan Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*

Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001

202-618-2344
www.klaprothlaw.com

- 15 -

# EXHIBIT 1
## to
## COMPLAINT

### JUDGMENT AGAINST MASSAGE ESCAPE SPA

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| SHARON TOLSON,<br><br>          **Plaintiff,**<br><br>v.<br><br>**MASSAGE ESCAPE SPA,** *et al.,*<br><br>          **Defendants.** | **Case No. 2014 CA 006775 B**<br>**Judge Robert Okun**<br>**Calendar 10** |

## <u>ORDER</u>

Before the Court is the parties' Joint Motion for Entry of Consent Judgment (the "Motion"), filed on July 20, 2015. Plaintiff Sharon Tolson ("Plaintiff") and Defendant Massage Escape Spa Company ("Defendant") jointly filed the Motion requesting that the Court enter the Consent Judgment attached to the Motion.[1]

Plaintiff filed her Complaint on October 27, 2014, alleging negligence, negligence per se, assault and battery, intentional infliction of emotional distress, and unlawful trade practices under the District of Columbia Consumer Protection Procedures Act. The parties state that the Defendant concedes liability to the Plaintiff for all claims against it, and that the parties have agreed to an entry of judgment in the amount of $1,000,000. The additional terms of the agreement have been included in the Consent Judgment that the parties attached to the Motion. Upon consideration of the Motion, the consent thereto, and the entire record herein, the Motion is granted, and the Consent Judgment provided by the parties shall be entered.

Accordingly, it is this 11th day of August, 2015, hereby

---

[1] On July 31, 2015, Plaintiff and all Defendants filed a Stipulation of Dismissal, dismissing Yan Shun Chu, Xiong Li, and Groupon, Inc. as Defendants in this matter. As such, Massage Escape Spa Company is the only remaining defendant to this case.

**ORDERED** that the parties' Joint Motion for Entry of Consent Judgment is **GRANTED**;

it is further

**ORDERED** that judgment is entered in favor of Plaintiff Sharon Tolson and against

Defendant Massage Escape Spa Company in the amount of $1,000,000; and it is further

**ORDERED** that the Consent Judgment filed simultaneously with this Order is

**ENTERED.**



Judge Robert Okun
(Signed in Chambers)

Copies to:

Brendan Klaproth
*Counsel for Plaintiff*

Joseph E. Hainline
*Counsel for Defendants*

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| SHARON TOLSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ No.      2014 CA 6775 |
| v. | ) Judge:       Honorable Judge Robert Okun |
| | ) Next Event:  Opponent's 26(b)(4) |
| MASSAGE ESCAPE SPA, et al. | )                7/28/2015 |
| | ) |
| Defendants. | ) |
| | ) |

---

**CONSENT JUDGMENT**

---

In consideration of the Joint Motion for Entry of Consent Judgment filed by Plaintiff and Defendant Massage Escape Spa Company, it is this ___11___ day of ~~July,~~ August, 2015,

ORDERED that JUDGMENT is hereby entered in favor of Plaintiff Sharon Tolson against Defendant Massage Escape Spa Company in the amount of $1,000,000.00 for Plaintiff's claims against Massage Escape Spa Company; and it is,

FURTHER ORDERED that Defendant Massage Escape Spa Company shall grant, assign and transfer to Plaintiff in a form of Assignment satisfactory to the Plaintiff, all rights, claims and causes of action, including but not limited to those for failure to defend, indemnification, breach of contract, bad faith, wrongful failure to settle within the limits of liability and the award of attorneys and costs, which Defendant Massage Escape Spa Company has or may have against The Hartford Financial Services Group, Inc., d/b/a The Hartford, its successors and assigns, arising under and out of the Business Owners Insurance policy, Policy

1

No. 01 SBM AU5088 ("Policy"), issued by The Hartford to Massage Escape Spa Company, and/or as a result of a wrongful denial by the Hartford of liability insurance coverage and defense to Massage Escape Spa Company, under the Policy for claims and causes of actions asserted by Plaintiff against Massage Escape Spa Company and/or as a result of The Hartford's wrongful failure to settle those claims and cause of actions within the limits of liability of the Policy. Defendant Massage Escape Spa shall also grant, assign and transfer to Plaintiff all of its rights and authority to assert and prosecute, in its name or in the name of Plaintiff, jointly or severally, by civil action, arbitration or otherwise, all claims, rights and causes of action of action of any kind or description which it has or may have against The Hartford, its successors and assigns, and Defendant Massage Escape Spa shall cooperate fully with the Plaintiff in the prosecution of these claims, rights and cause of action; and it is further,

ORDERED, that this Consent Judgment shall not be enforced against Defendant Massage Escape Spa Company or any of its owners; and it is further,

ORDERED, satisfaction of this Consent Judgment shall be limited to any monies Plaintiff recovers from Defendant Massage Escape Spa Company's insurer, The Hartford, pursuant to the Assignment of claims separately entered into between the Plaintiff and Defendant Massage Escape Spa Company; and it is further,

ORDERED, that this Consent Judgment shall be deemed satisfied upon the earlier of the following events: (a) a final resolution of any claims brought by Plaintiff against Defendant Massage Escape Spa Company's insurer, The Hartford, pursuant to an Assignment of claims separately entered into between Plaintiff and Defendant Massage Escape Spa; or (b) the expiration of the applicable statute of limitations for bringing a cause of action against The Hartford pursuant to the Assignment; and it is further,

2

ORDERED that this is a final order within the meaning of Rule 58 of the Superior Court

Rules of Civil Procedure.

SO ORDERED.

_____
Honorable Judge Robert Okun

We hereby consent to the entry of the above Consent Judgment.

Brendan J. Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Tel:    202-618-2344
Email: Bklaproth@klaprothlaw.com
Attorney for Plaintiff

Joseph E. Hainline (DC Bar No. 996344)
Carr Maloney P.C.
2000 L Street, NW
Suite 450
Washington, D.C.  20036
Tel: 202-310-5592
jeh@carrmaloney.com
Attorney for Defendants Groupon, Massage
Escape Spa, Xiong Li, and Yan Shun Chu

3

# EXHIBIT 2
## to
## COMPLAINT

**HARTFORD'S DENIAL LETTER**



**The HARTFORD**

November 20, 2014

<u>**REGULAR & CERTIFIED U.S. MAIL-RRR & E-MAIL: massageescape@hotmail.com**</u>

Mr. Yan Shun Chu                          Mr. Xiong Li
Massage Escape Spa Company                Massage Escape Spa Company
2352 Wisconsin Avenue NW FL 2             2352 Wisconsin Avenue NW FL 2
Washington, D.C. 20007                    Washington, D.C. 20007

Re:    Policyholder:      Massage Escape Spa Company
       Hartford File no.: Y43 1 01729
       Claimant:          Sharon Tolson

Dear Mr. Chu & Mr. Li:

Sentinel Insurance Company, Ltd. ("Hartford") has completed an analysis of the allegations in
that summons and complaint styled, *"Sharon Tolson v. Massage Escape Spa, et al."* filed in the
Superior Court for the District of Columbia, Civil Division, with case no. 2014-006775 B which
has been submitted for coverage under policy no. 01 SBM AU5088 issued to Massage Escape
Spa Company ("Massage Escape Spa") by Hartford. Relative to the matter before us, policy no.
01 SBM AU5088 contains a Business Liability Coverage Part. Based on our analysis of the
allegations contained in the complaint there is no potential for the Hartford policy to apply to
provide defense or indemnity for the claims asserted by the plaintiff and as such we must
respectfully disclaim coverage to Massage Escape Spa or any other defendant under the
Business Liability Coverage Part. We set forth the bases for our position in the following
paragraphs.

<u>**Summary of Allegations**</u>
The plaintiff, Sharon Tolson ("Tolson") alleges, *inter alia*, this is a civil action for the bodily and
emotional injuries sustained by Plaintiff when she was sexually assaulted by a massage
therapist employed by Massage Escape Spa. Tolson alleges the massage therapist who sexually
assaulted her, Zhenkai Tong, was not licensed to provide massage therapy services. Tolson

PO Box 14263
Lexington, Kentucky 40512-4263
Toll Free 888 525 2652
Facsimile 866 809 1178

Page 2
Mr. Yan Shun Chu & Mr. Xiong Li
November 20, 2014

alleges that in addition to being liable for the sexual assault committed by its employee, Massage Escape Spa was negligent for hiring an unlicensed massage therapist, failing to take correction action after receiving prior complaints of sexual assaults by its massage therapists, and for violating the public safety regulations governing massage therapy facilities. Tolson alleges Massage Escape Spa also committed several unlawful trade practices under the D.C. Consumer Protection Procedures Act ("CPPA").

Tolson alleges she received a "Groupon" promotion as a gift on July 24, 2014 for massage services at the Massage Escape Spa located in the District of Columbia. Tolson alleges she redeemed the "Groupon" for the 60-minute massage at Defendant Massage Escape Spa on October 4, 2014 at approximately 5:30 PM. Plaintiff alleges that upon arrival, there were three males present at the front desk and she was introduced to "Tommy" whose actual name was Zhenkai Tong ("Tong") and he was not actually licensed as a massage therapist in the District of Columbia. Tolson alleges Tong led her into a small room, closing the door behind the Plaintiff. Tolson alleges Tong instructed her to remove her clothes, to lie face down on the massage table, and to place a draping over her body then once the draping was in place, Tong proceeds to massage the Plaintiff. Tolson alleges that during the massage, while she was lying face down on the massage table, Tong assaulted and battered her by rubbing his erect penis against Tolson's head. Tolson alleges she did not consent to this offensive and unwelcomed touching. Tolson alleges that shortly thereafter Tong began massaging Plaintiff's legs. Plaintiff remained face down on the massage table with Tong standing over Plaintiff. Tolson alleges that without her consent and while she was still lying face down on the massage table, Tong sexually assaulted her by inserting his fingers into Tolson's vagina and anus. Tolson alleges Tong continued the assault by performing oral sex on Plaintiff. Tolson alleges she attempted to push Zhenkai Tong off of her, while insisting that she needed to leave and that Tong continued the assault by forcefully holding the Plaintiff down. Tolson alleges she managed to escape Tong's attack, quickly dressed, and fled Defendant Massage Escape Spa. Tolson alleges that immediately after leaving Massage Escape Spa, Tolson waived down a passing police car. The Metropolitan Police Department arrested Tong shortly thereafter and on October 6, 2014, Tong was charged with the felony of First Degree Sexual Abuse of a Patient/Client.

The causes of action labeled in the complaint include: Count I – Negligence – Negligent Supervision, Negligent Hiring, and Negligent Training (defendants Massage Escape Spa, Xiong Li and Yan Shun Chu); Count II – Negligence Per Se – (defendants Massage Escape Spa, Xiong Li and Yan Shun Chu); Count III – Negligence (Groupon); Count IV – Unlawful Trade Practices under D.C. Consumer Protection Procedures Act (defendants Massage Escape Spa, Xiong Li and Yan Shun Chu); Count V – Unlawful Trade Practices Under the D.C. Consumer Protection Procedures Act (defendant Groupon); Count VI – Assault and Battery (defendants Massage Escape Spa, Xiong Li and Yan Shun Chu); Count VII – Intentional Infliction of Emotional Distress (defendants Massage Escape Spa, Xiong Li and Yan Shun Chu).

Page 3
Mr. Yan Shun Chu & Mr. Xiong Li
November 20, 2014

Hartford understands that the above allegations are presently unsubstantiated and you may well dispute them. However, Hartford must address coverage as it applies to the allegations that have been made. Please note that nothing in this letter is intended to suggest that the allegations have any factual or legal merit.

**The Hartford Policy:**

Hartford issued policy no. 01 SBM AU5088 to Massage Escape Spa Company for the March 01, 2014 to March 01, 2015 policy period. Policy no. 01 SBM AU5088 contains a Business Liability Coverage Part with limits of $500,000 for all "bodily injury" or "property damage" caused by an "occurrence" or for an offense within the policy definition of "personal and advertising injury" subject to $1,000,000 General and Products-Completed Operations Aggregates. The pertinent coverage forms for our analysis are SS 00 08 04 05, SS 40 26 06 11, SS 41 62 06 11 and SS 05 71 04 05.

Subject to policy provisions and exclusions, the Business Liability Coverage Part insuring agreement states in pertinent part:

> A. COVERAGES
>
> 1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)
>    Insuring Agreement
>    a. We will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply...
>
>    b. This insurance applies:
>       (1) To "bodily injury" and "property damage" only if:
>          (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>          (b) The "bodily injury" or "property damage" occurs during the policy period...
>       (2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

Page 4
Mr. Yan Shun Chu & Mr. Xiong Li
November 20, 2014

The relevant definitions for our analysis are as follows:

"Advertisement" is defined as, "...the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through: a. (1) Radio; (2) Television; (3) Billboard; (4) Magazine; (5) Newspaper; b. The Internet; or c. Any other publication that is given widespread public distribution. However, "advertisement" does not include: a. The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or b. An interactive conversation between or among persons through a computer network."[1]

"Advertising idea" is defined as, "...any idea for an "advertisement"".

"Bodily injury" is defined as, "...physical: a. injury; b. Sickness; or c. Disease sustained by a person and, if arising out of the above, mental anguish or death at any time."

"Occurrence" is defined as, "... an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

"Personal and advertising injury" is defined as, "...injury, including consequential "bodily injury", arising out of one or more of the following offenses: a. False arrest, detention or imprisonment; b. Malicious prosecution; c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor; d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; e. Oral, written or electronic publication of material that violates a person's right of privacy; f. Copying, in your "advertisement" or on "your web site", a person's or organization's "advertising idea" or style of "advertisement"; g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement" or on "your web site"; or; or h. Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person. As used in this definition, oral, written or electronic publication includes publication of material in your care, custody or control by someone not authorized to access or distribute that material."[2,3]

---

[1] Form SS 40 26 06 11 replaces paragraph "b" of the definition of "advertisement" as stated above.
[2] Form SS 41 62 06 11 replaces sections "c" and "h" of the definition of "personal and advertising injury" as stated above.

Page 5
Mr. Yan Shun Chu & Mr. Xiong Li
November 20, 2014

"Property damage" is defined as, "...a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it. As used in this definition, "electronic data" is not tangible property."

## Business Liability Coverage Analysis

Subject to policy provisions and exclusions, only persons or entities that qualify as an insured are entitled to coverage under the policy. Section C. Who Is An Insured sets forth the conditions under which persons or entities may qualify as an insured and states in pertinent part:

### C. WHO IS AN INSURED

1. *If you are designated in the Declarations as...*

   d. *An organization other than a partnership, joint venture or limited liability company, you are an insured.* **Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds,** *but only with respect to their liability as stockholders....*

2. *Each of the following is also an insured:*

   a. **Employees And Volunteer Workers**
   *Your "volunteer workers" only while performing duties related to the conduct of your business, or* **your "employees"**, *other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company),* **but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business...**
   [emphasis added]

Massage Escape Spa Company is the first named insured and is organized as a corporation therefore section C.1.d. applies. Yan Shun Chu and Xiong Li as "executive officers" or directors of Massage Escape Spa qualify as insureds under section C.1.d. while acting within the scope of their duties for Massage Escape Spa. Zhenkai Tong, as an "employee" while within the scope of

---

[^2] Form SS 40 26 06 11 replaces paragraphs "f" and "g" and add the last sentence of the definition of "personal and advertising injury" as stated above.

Page 6
Mr. Yan Shun Chu & Mr. Xiong Li
November 20, 2014

his duties for Massage Escape Spa qualifies as an insured. However, while Zhenkai Tong has not been named as a defendant, the offenses and resulting damages alleged in the complaint are not within the scope of his duties for Massage Escape Spa as such Mr. Tong does not qualify as an insured under the Hartford policy. For this reason, Hartford disclaims any duty to defend or indemnify Zhenkai Tong under the Business Liability Coverage Part.

Subject to policy provisions and exclusions, the Business Liability Coverage Part only provides coverage for "bodily injury" or "property damage" caused by an "occurrence" or one of the enumerated offenses within the policy definition of "personal and advertising injury". There are no claims asserted in the complaint that constitute "property damage" or "personal and advertising injury" as these terms are defined in the policy. Tolson has alleged unwanted touching, sexual assault and battery that may constitute "bodily injury" caused by an "occurrence" from the standpoint of Massage Escape Spa as employer and Yan Shun Chu and Xiong Li as "executive officers" or directors for the named insured. However such injury does not constitute an "occurrence" from the standpoint of Zhenkai Tong and for this additional reason Hartford disclaims any duty to defend or indemnify Zhenkai Tong under the Business Liability Coverage Part.

Even if an argument may be made that Tong qualifies as an insured under the Hartford policy or that Tolson has alleged "bodily injury" or "property damage" caused by an "occurrence" or an enumerated "personal and advertising injury" offense, additional policy exclusions also apply to bar coverage in this matter as set forth below:

### Form SS 05 71 04 05

### EXCLUSION – SEXUAL ABUSE OR MOLESTATION

*This endorsement modifies insurance provided under the following:*
### BUSINESS LIABILITY COVERAGE FORM

*The following exclusion is added to Paragraph 1., Applicable to Business Liability Coverage (SECTION B. – EXCLUSIONS):*

*This insurance does not apply to any injury or damage, loss, cost or expense, including but not limited to "bodily injury", "property damage" or "personal and advertising injury" arising out of, or relating to, in whole or in part:*

*1. Actual, threatened or attempted "sexual abuse".*

*"Sexual abuse" means lewd, lascivious or sexual conduct, including but not limited to:*

*a.   Sexual intercourse, including but not limited to any kind of sexual penetration, of any bodily orifice or part;*

*b.   Sexual molestation;*

Page 7
Mr. Yan Shun Chu & Mr. Xiong Li
November 20, 2014

    c. *Sexually explicit, sexually oriented, or sexually suggestive language, images, acts or statements;*

    d. *Inappropriate touching, including but not limited to any, kissing or fondling of any bodily part, including but not limited to genitalia;*

    e. *Sexual exhibitionism;*

    f. *Voyeurism; or*

    g. *Photographic, audio, video or digital recording or the showing of any of the foregoing by any person(s), whether injury is intended or not.*

2. *Any:*

    a. *Employment of;*

    b. *Investigation of or failure to investigate;*

    c. *Supervision of or failure to supervise;*

    d. *Reporting to the proper authorities of, or failure to so report;*

    e. *Retention of; or*

    f. *Failure to protect others from the conduct of*

*any person(s) whose conduct would be excluded by Paragraph 1. above.*

\*\*\*\*\*\*

**B. EXCLUSIONS**

  1. **Applicable To Business Liability Coverage**
    *This insurance does not apply to:*

    a. **Expected Or Intended Injury**

      (1) *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or*

      (2) *"Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".*

      \*\*\*\*\*\*

    j. **Professional Services**
    *"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to...*

    (5) *Any health or* therapeutic service treatment, advice or instruction ...

    *Paragraphs (4) and (5) of this exclusion do not apply to the Incidental Medical Malpractice coverage afforded under Paragraph 1.e. in Section A. – Coverages.*[4]

---

[4] The exception to B.) j.(5) does not apply to the facts present in this case:

Page 8
Mr. Yan Shun Chu & Mr. Xiong Li
November 20, 2014

\*\*\*\*\*\*

*p. Personal And Advertising Injury*
"Personal and advertising injury"...

(3) Arising out of a criminal act committed by or at the direction of the
insured...

In the order of the exclusions listed above, first, the Business Liability Coverage Part under form SS 05 71 04 05 bars coverage for the alleged "sexual abuse" by Zhenkai Tong as well as defendants' employment of, investigation of or failure to investigate, supervision of or failure to supervise, reporting to proper authorities of or failure to so report, retention of or failure to protect others from the conduct alleged of Zhenkai Tong. Second, the alleged inappropriate touching on the part of Tong was alleged to be volitional on his part as such coverage for Tong is also barred by exclusion B.1.a. Third, coverage is barred for "bodily injury", "property damage" or "personal and advertising injury" arising out of the professional service of *therapeutic massage* by exclusion B.1.j.(5) which is the context in which the alleged sexual abuse took place. Fourth, exclusion B.1.p.(3) bars coverage for any "personal and advertising injury" arising out of a criminal act which as reported, the alleged improper touching would constitute a criminal act. For the foregoing reasons, Hartford must respectfully disclaim any duty defend or indemnify Massage Escape Spa Company, Yan Shun Chu, Xiong Li or Zhenkai Tong under the Business Liability Coverage Part.

**Conclusion**

The grounds for our disclaimer of coverage under the Business Liability Coverage asserted herein are set out to inform you of our current coverage position. This communication is not intended to be and should not be construed as an exhaustive listing of all policy terms and conditions that may apply to the Complaint. Hartford hereby reserves all its rights, positions and defenses. Hartford reserves the right to supplement, modify and amend this letter as new facts are learned or allegations are made. We reserve the right to file a Declaratory Judgment action in the future in order for the Court to determine the applicability of our Policies. Hartford does not waive any coverage defenses available, either under the policies or the law, by failing to expressly set those out in this letter. The exact terms of the policies must be determined by reference to the Policies themselves. This letter does not modify the terms and conditions of the policies.

If you or any one has any questions regarding our coverage position, or take exception to it, please advise the undersigned immediately of the basis for the disagreement in writing. If there are additional facts, which you feel should alter Hartford's coverage position, please advise us promptly in writing, so that we may reevaluate our coverage position.

Page 9
Mr. Yan Shun Chu & Mr. Xiong Li
November 20, 2014

Yours truly,
Sentinel Insurance Company, Ltd.

*Keith F. Morrison*

Keith F. Morrison, 888-525-2652, Extension 2308097
Claim Consultant
Southeast Commercial Auto & Liability Claim Service Center

Cc: Yi Hsieh, Northeast Agencies: sva0230@allstate.com

# EXHIBIT 3
## to
## COMPLAINT

### ASSIGNMENT OF CLAIMS TO SHARON TOLSON

## MASSAGE ESCAPE SPA COMPANY'S
## ASSIGNMENT OF RIGHTS, CLAIMS, AND CAUSES OF ACTION
## AGAINST THE HARTFORD

This Assignment is made on this __17ᵗʰ__ day of July 2015, between Massage Escape

Spa Company ("Assignors") and Sharon Tolson ("Assignee")

**FOR VALUE RECEIVED**, the undersigned Defendant Massage Escape Spa Company

shall grant, assign and transfer to Sharon Tolson in a form of Assignment satisfactory to Sharon

Tolson, all rights, claims and causes of action, including but not limited to those for failure to

defend, indemnification, breach of contract, bad faith, wrongful failure to settle within the limits

of liability and the award of attorneys and costs, which Defendant Massage Escape Spa

Company has or may have against The Hartford Financial Services Group, Inc., d/b/a The

Hartford, its successors and assigns, arising under and out of the Business Owners insurance

policy, Policy No. 01 SBM AU5088 ("Policy"), issued by The Hartford to Massage Escape Spa

Company, and/or as a result of a wrongful denial by the Hartford of liability insurance coverage

and defense to Massage Escape Spa Company, under the Policy for claims and causes of actions

asserted by Sharon Tolson against Massage Escape Spa Company and/or as a result of The

Hartford's wrongful failure settle those claims and cause of actions within the limits of liability

of the Policy. Defendant Massage Escape Spa Company shall also grant, assign and transfer to

Sharon Tolson all of its rights and authority to assert and prosecute, in its name or in the name of

Sharon Tolson, jointly or severally, by civil action, arbitration or otherwise, all claims, rights and

causes of action of action of any kind or description which it has or may have against The

Hartford, its successors and assigns.

This Assignment shall be construed and governed by the law of the District of Columbia.

1

_____                          _____
Sharon Folson                                                     Date

Massage Escape Spa Company

_YeShunChu_

By: ___CHU YANSHUN___

Title: ___Owner___

DISTRICT OF COLUMBIA                    }
                                        }  ss:

On this ___ day of July, 2015, before me, ___Kathy Soofi___ the undersigned officer, personally appeared ___Yan Li Phun Chu___ who acknowledged himself to be the owner of Massage Escape Spa Company and he, as such owner, being authorized to do so, executed the foregoing instrument for the purposes therein contained, by signing the name of the company by himself as Owner.

In witness whereof I have set my hand and official seal.

___Kathy Soofi___

Notary Public

My Commission Expires

4/30/18

2



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Sharon Tolson

_____
                                        Plaintiff

vs.                                                      Case Number   **2016 CA 000958 B**

Sentinel Insurance Company, Ltd.

_____
                                        Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan Klaproth, Klaproth Law PLLC
_____
Name of Plaintiff's Attorney

406 5th Street NW, Suite 350
_____
Address
Washington, DC 20001
_____

202-618-2344
_____
Telephone

_Clerk of the Court_

By _____
        Deputy Clerk

Date   **02/09/2016**

如需翻译,請打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                 CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Sharon Tolson

Demandante

vs.

Sentinel Insurance Company, Ltd.

Número de Caso:

Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan Klaproth, Klaproth Law PLLC

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

406 5th Street NW, Suite 350

Por: _____

Dirección

Subsecretario

Washington, DC 20001

202-618-2344

Fecha _____

Teléfono

如需翻譯,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés<br>See reverse side for English original

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SHARON TOLSON
    Vs.                                C.A. No.      2016 CA 000958 B
SENTINEL INSURANCE COMPANY LTD. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  February 9, 2016
Initial Conference: 9:30 am, Friday, May 13, 2016
Location:  Courtroom 221
               500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc